**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Javier CHAVEZ–HERRERA,**
**Defendant—Appellant.**

**No. 03–30284.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Rafael M. Gonzalez, Jr., Boise, ID, for Plaintiff-Appellee.

Thomas B. Dominick, Boise, ID, for Defendant-Appellant.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Javier Chavez–Herrera appeals the 30–month sentence imposed following his guilty plea to conspiracy to smuggle aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v).[1] Chavez–Herrera argues that the district court should have applied the clear and convincing standard to the facts of his case because of the degree of sentencing enhancement he received pursuant to U.S. SENTENCING GUIDELINES MANUAL ("USSG") § 2L1.1(b)(2)(C) (2002), and that application of the clear and convincing standard would have resulted in a lower total offense level. We review the district court's interpretation of the Sentencing Guidelines de novo and the factual findings underlying sentencing decisions for clear error. *See United States v. Riley*, 335 F.3d 919, 925 (9th Cir.2003). We affirm.

The district court did not err in applying the preponderance of the evidence standard to the facts of Chavez–Herrera's case. Chavez–Herrera pled guilty to, and was convicted of, conspiracy to smuggle aliens and his offense level was increased because of the nature and extent of the smuggling conspiracy he participated in. *See* USSG § 2L1.1(b)(2); *United States v. Johansson*, 249 F.3d 848, 855 (9th Cir. 2001) (noting that an enhancement based on a "specific offense characteristic" demonstrates that it was based on the extent of the nature of the conspiracy).[2] A preponderance of the evidence standard applies where an increase in sentence is based on the extent of a conspiracy, as opposed to uncharged conduct. *See United States v. Melchor–Zaragoza*, 351 F.3d 925, 929 (9th Cir.2003); *see also Riley*, 335 F.3d at 926 ("The fact that an enhancement is based on the extent of a conspiracy for which the defendant was convicted weighs heavily against the application of the clear and convincing evidence standard of proof.").

The district court did not clearly err in finding that Chavez–Herrera conspired to smuggle over 100 aliens and in enhancing his sentence accordingly. There was reliable testimony that Chavez–Herrera had told an FBI informant that the conspiracy he was involved in was responsible for bringing more than 100 aliens illegally across the United States–Mexico border. This testimony was corroborated by Chavez–Herrera's statements as to the inner

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Chavez–Herrera also pled guilty and was convicted of four additional charges: conspiracy to possess and sell fraudulent identification documents in violation of 18 U.S.C. § 371; possession of false immigration documents in violation of 18 U.S.C. § 1546(a); sale of fraudulent Social Security cards in violation of 42 U.S.C. § 408(a)(7)(C); and transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Because the counts of conviction were grouped together pursuant to USSG § 3D1.2(b), the only count used for Chavez–Herrera's sentencing calculation was the charge of conspiracy to smuggle aliens.

2. Although the district court did not making a finding of fact as to whether Chavez–Herrera's enhancement was based on the extent of the conspiracy, it ultimately applied the preponderance of the evidence standard.

workings of the conspiracy and by an Internal Revenue Service investigation into the conspiracy. There was no clear error.

**AFFIRMED.**